UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT C. LUCAS,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECTOR OF THE DEPARTMENT OF CORRECTIONS<br><br>    Defendant. | No. 2:14-cv-0590 DAD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983, for alleged violations of his civil rights. He has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

Plaintiff initiated this case on March 3, 2014, by filing a pleading entitled "Request for Declaratory Relief." The Declaratory Judgment Act, 28 U.S.C. § 2201 et seq, "create[s] additional remedies in the form of declaratory judgment relief for federal litigants, but do[es] not in and of [itself] confer subject matter jurisdiction on the courts." Luttrell v. U.S., 644 F.2d 1274, 1275 (9th Cir. 1980). Therefore a district court presented with a request for declaratory relief must "inquire whether there is an actual case or controversy within its jurisdiction." Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005).

The text of plaintiff's initial pleading in this case alleges unconstitutional conditions of confinement at the California City Correctional Facility (CAC). Although it ostensibly seeks

1

only declaratory relief and suggests more than one type of unlawful condition at CAC, the text of the initial pleading also adds a request for monetary damages and focuses on "only one constitutional violation at this time."  (See Doc. No. 1 at 3, 6.)  The pleading makes it clear that single violation is the alleged deprivation of plaintiff's right to a diet that conforms to his beliefs as a Muslim, which, if true, would violate his right to free exercise of religion under the First Amendment.  Allegations of that kind, and the demand for monetary compensation for them, fall under the Civil Rights Act, 42 U.S.C. § 1983, which allows prisoners to seek relief from state actors for unconstitutional conditions of confinement.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).  Therefore the court will construe plaintiff's initial pleading as a complaint seeking relief pursuant to § 1983, over which the court has original jurisdiction.  See Portugal v. McDonald, No. CIV S-09-1409 DAD P, 2009 WL 4713904 at *1 (E.D. Cal. Dec. 2, 2009) ("The court has determined that because of the nature of petitioner's claims, this action will be construed as a civil rights action pursuant to 42 U.S.C. § 1983, rather than a habeas action.").

On June 12, 2014, plaintiff filed a formally labeled "complaint" for relief under § 1983 in this action, alleging that numerous defendants had interfered with his ability to keep a proper religious diet and thus "prevented him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interest." (Doc. No. 5 at 10.)  The court will construe plaintiff's pleading filed June 12, 2014 as his first amended (and operative) complaint.

I. Screening requirement

The court is required to screen complaints brought by prisoners who seek relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

II. Plaintiff's pleading regarding exhaustion of administrative remedies

The first amended complaint contains a section entitled "Plaintiff Exhausted Administrative Remedies." (First Amended Complaint (Doc. No. 5) at 6.) Here plaintiff references the administrative exhaustion prerequisite to federal litigation imposed by the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e. That statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [ ] – rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'").

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress through three levels of review. See id. § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation (CDCR) and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

"[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). The PLRA's exhaustion requirement is not jurisdictional; it creates an affirmative defense that defendants must plead and prove. Id. However, "in those rare cases where a failure to exhaust is clear from the face of the complaint," dismissal for failure to state a claim is appropriate, even at the screening stage. Albino, 747 F.3d

1    at 1169.  See also Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that "[a]
2    prisoner's concession to nonexhaustion is a valid ground for dismissal"), overruled on other
3    grounds by Albino, 747 F.3d at 1166; Sorce v. Garikpaetiti, Civil No. 14-CV-0327 BEN (JMA),
4    (S.D. Cal. June 2, 2014) (relying on Albino and dismissing the complaint on screening because "it
5    is clear from the face of [plaintiff's] pleading that he has conceded that he failed to exhaust all
6    available administrative remedies . . . before he commenced this action").

7          In this case, plaintiff has informed the court in his first amended complaint that he had not
8    exhausted his administrative remedies before he filed this action.  Plaintiff dated his initial
9    complaint – the one he styled as a "Request for Declaratory Relief" – on February 16, 2014.  The
10   court received it for filing on March 3, 2014.  His amended complaint alleges that on February 2,
11   2014, plaintiff submitted an internal prison inmate appeal, Log No. CAC-O-14-00027, regarding
12   his request to receive a religious diet. (Amended Complaint at 6; see also Ex. B at 23.)  Plaintiff's
13   amended complaint details the progress of that inmate appeal through each stage of CDCR's
14   process, through its denial at the third level on April 10, 2014 – approximately five weeks after
15   plaintiff initiated this action by filing his "Request for Declaratory Relief."  (Id. at 9; Ex. B at 15-
16   17.)

17         The fact that plaintiff waited to file a pleading formally labeled a "complaint," as opposed
18   to his request for declaratory relief, two months after his prison appeal was exhausted does not
19   evade the necessity of waiting until exhaustion is complete before pursuing litigation in federal
20   court. The Ninth Circuit has long stood with other federal courts in maintaining that the PLRA
21   "requires exhaustion before the filing of a complaint and that a prisoner does not comply with this
22   requirement by exhausting available remedies during the course of the litigation." McKinney v.
23   Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  Thus an amended complaint cannot bring a
24   prematurely filed action retroactively into compliance with the PLRA's exhaustion requirements.
25   "The bottom line is that a prisoner must pursue the prison administrative process as the first and
26   primary forum for redress of grievances.  He may initiate litigation in federal court only after the
27   administrative process ends[.]" Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006)
28   (emphasis added). "[A] prisoner must exhaust his administrative remedies for the claims

contained within his complaint before that complaint is tendered to the district court." Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010). See also Bowell v. California Dept. of Corrections, No. 2:12-cv-0397 JAM DAD (PC), 2011 WL 7288296 at *2 (E.D. Cal. Dec. 13, 2011) (finding that the amended complaint filed post-exhaustion was of no avail because "plaintiff did not receive a response from prison officials at the first level of administrative review until . . . several weeks after he had filed this civil action. For that reason, plaintiff failed to exhaust his administrative remedies . . . prior to bringing this action").

"While it is true that requiring dismissal [for failure to exhaust] may, in some circumstances, occasion the expenditure of additional resources on the part of the parties and the court . . . this concern is outweighed by the advantages of requiring exhaustion prior to the filing of suit." McKinney, 311 F.3d at 1200. Based on the authorities above, plaintiff's attempt to initiate federal litigation prior to his full administrative exhaustion requires dismissal of this civil action without prejudice to plaintiff's bringing of his now exhausted claims in a new civil action. Id.; see also Douglas v. Warden, San Quentin State Prison, No. C 09-00950 CW (PR), 2009 WL 1911702 at *1 (N.D. Cal. July 1, 2009) ("An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending."); Bowell, 2011 WL 7288296 at *2 (dismissing claim without prejudice because it was exhausted only after the plaintiff filed suit).

### III.   Plaintiff's request for injunctive relief

Plaintiff has also filed a request for injunctive relief, alleging that prison officials have interfered with or obstructed his access to the court in retaliation for his filing of administrative inmate appeals and this lawsuit. (See Doc. No. 11.) He seeks an undefined order instructing unnamed prison officials to "cease their obstructive and retaliatory practices[.]" (Id. at 4.)[1]

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the

---

[1] If granted, such an order would issue as either a temporary restraining order (TRO) or, more likely, a preliminary injunction.

movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to affected party and/or counsel[.]" It is the practice of this court, in the absence of such extraordinary circumstances, to construe a motion for temporary restraining order as a motion for preliminary injunction. See, e.g., Aiello v. One West Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092 (E.D. Cal. Jan. 29, 2010).

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction . . . is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A plaintiff cannot, as a general matter, obtain injunctive relief against non-parties. "Unrelated claims against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). However, a federal court does have the power to issue orders in aid of its own jurisdiction, 28 U.S.C. § 1651(a), and to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. Sierra On-Line, Inc. v.
/////

1  Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d

2  863 (9th Cir. 1989).

3        Plaintiff's claim that prison officials are obstructing his access to this court could, if

4  proven, justify an order in furtherance of the court's ability to adjudicate this case.

5  However, plaintiff has failed to demonstrate that any form of injunctive relief is essential to

6  preserve the status quo in this action.  To the contrary, the docket of this case shows that plaintiff

7  has been able to file papers and requests of this court with regularity and to respond to the court's

8  orders in a reasonably timely fashion, including by seeking and obtaining extensions of time in

9  which to do so.  Plaintiff has not demonstrated that in the absence of preliminary relief he is likely

10  to suffer irreparable harm – either on the merits of the instant litigation or, more importantly, to

11  his person.  "Speculative injury does not constitute irreparable injury sufficient to warrant

12  granting a preliminary injunction."  Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674

13  (9th Cir. 1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir.

14  1984).  Rather, a presently existing actual threat must be shown, although the injury need not be

15  certain to occur.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31

16  (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997); Caribbean Marine, 844 F.2d at

17  674.

18        For all of the reasons set forth above, therefore, plaintiff's request for injunctive relief will

19  be denied.

20        Accordingly, IT IS HEREBY ORDERED that:

21      1.  This case is dismissed without prejudice, due to plaintiff's failure to exhaust

22  administrative remedies prior to filing suit as required.

23      2.  Plaintiff's requests to amend his complaint (Docs. Nos. 6, 7 and 8) are denied as

24  having been rendered moot.

25      3.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 15) is denied as moot.

26  /////

27  /////

28  /////

    4.   Plaintiff's request for injunctive relief (Doc. No. 11) is denied.

    5.   This case be closed.

Dated: March 5, 2015

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
luca0590.screen